IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BENJAMIN YOUNG,

    Plaintiff,

v.

MYLES GREENE and
UNITED PARCEL SERVICE,

    Defendants.

Case No. 2:23-cv-02327-MSN-tmp
JURY DEMAND

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Before the Court is Defendant United Parcel Service, Inc. ("UPS") and Myles Greene's Motion for Judgment on the Pleadings (ECF No. 33), filed January 26, 2024. Plaintiff Benjamin Young filed a Response in Opposition on February 12, 2024 (ECF No. 37). For the reasons stated below, Defendants' Motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

**A.**    **Procedural History**

Plaintiff initiated this action on May 22, 2023 (ECF No. 1), and filed his First Amended Complaint (ECF No. 11) on July 11, 2023, asserting claims against UPS and Mr. Greene for defamation (slander), tortious interference with a business relationship, retaliation under the Tennessee Disability Act ("TDA"), and retaliation under the Family and Medical Leave Act ("FMLA")  Defendants filed their Answer (ECF No. 31) on October 12, 2023.

On February 9, 2024, Plaintiff filed a Motion to Dismiss Defendant Myles Greene[1] (ECF No. 35) and a Response in Opposition to Defendants' Motion for Judgment on the Pleadings (ECF No. 34). Due to electronic signature deficiencies, the Clerk issued a Deficiency Notice (ECF No. 36). While Plaintiff properly refiled his Response (ECF No. 37), Plaintiff never corrected the Motion to Dismiss. Similarly, Plaintiff's attempted filing of a Second Amended Complaint (ECF No. 38) on April 21, 2024, contained deficiencies that were never corrected. Under Electronic Case File Policies & Procedures § 12.3, these uncorrected filings are not before the Court.

**B.    Plaintiff's Claims**

According to the First Amended Complaint, Plaintiff, a former UPS employee, alleges he was wrongfully terminated following an internal complaint made by Mr. Greene. (ECF No. 11 at PageID 11–13.) Specifically, Plaintiff alleges that in June 2022, Mr. Greene falsely reported to UPS management that Plaintiff had used racial slurs, ultimately leading to Plaintiff's termination on July 17, 2022. (*Id*.)

Plaintiff further alleges that he has diabetes, which substantially limits his ability to eat and work, and that UPS regarded him as disabled. (*Id*. at PageID 13.) He contends he could perform his job's essential functions with certain accommodations, including intermittent medical leave. (*Id*. at Page ID 13 & 15.) Plaintiff claims UPS terminated him in retaliation for requesting accommodations while treating similarly situated non-disabled employees more favorably, specifically citing Willie Isom, a black manager without a disability who allegedly engaged in misconduct but was retained. (*Id*. at Page ID 13–15.)

---

[1] Plaintiff sought to voluntarily dismiss his claims against Defendant Myles Greene without prejudice under Rule 41(a)(3), citing jury confusion and Mr. Greene's alleged inability to pay a judgment (ECF No. 35 at PageID 93), that motion was never properly filed. The Court's ruling on the present motion effectively achieves the dismissal of Mr. Green albeit with prejudice through Rule 12(c).

Additionally, Plaintiff asserts he took intermittent FMLA leave for his diabetes and shortly before his termination, requested FMLA leave to care for his father who had dementia. (*Id*. at PageID 14–15.) He alleges UPS failed to provide proper FMLA notices, made negative comments about his protected absence, and terminated him in retaliation for exercising FMLA rights. (*Id*. at PageID 14–15.)

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Gavitt v. Born*, 835 F.3d 623, 639 (6th Cir. 2016); *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts the plaintiff's "plausible factual allegations as true and draw[s] all reasonable inferences" in the plaintiff's favor. *Marchek v. United Servs. Auto. Ass'n*, 118 F.4th 830, 833 (6th Cir. 2024); *Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020). Using this framework, the court determines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint need not contain detailed factual allegations; however, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "a plaintiff must allege facts that, when taken as true, state a claim to relief that is plausible on its face and that rises above the speculative level." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 410 (6th Cir. 2024) (cleaned up). If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. *Iqbal*, 556 U.S. at 679.

A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. L.L.C. v. BellSouth Telcoms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

## DISCUSSION

### A.     Defamation (Slander) Claim

Defendants argue that Plaintiff's defamation claim fails for two reasons: (1) it is barred by the six-month statute of limitations under T.C.A. § 28-3-10, and (2) the alleged statements constitute intra-corporate communications that do not qualify as "publication" for defamation purposes. (ECF No. 33 at Page ID 78–79.) In response, Plaintiff does not address the statute of

4

limitations argument and contends that Defendants' "gamesmanship in waiting to file under Rule 12(c) should be rejected. (ECF No. 37 at PageID 97.)

Under Tennessee law, to establish a claim for defamation a plaintiff must prove: (1) a party published the statement; (2) with knowledge that the statement is false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Hibdon v. Grabowski*, 195 S.W.3d 48, 58 (Tenn. Ct. App. 2005) (citing *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999)).

Publication requires communication of the defamatory matter to a third person. *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 50 (Tenn. Ct. App. 2013) (citing *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821 (Tenn. 1994)). In the case of slander, publication occurs when the defamatory matter is spoken. *Id.* However, Tennessee courts have recognized an exception for certain "intra-corporate communications," which do not constitute publication. *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 687 (M.D. Tenn. 2018) (quoting *Woods v. Helmi*, 758 S.W.2d 219, 223 (Tenn. Ct. App. 1988)). Under this doctrine, "where a communication is made to a servant or business associate in the ordinary and natural course of business, there is no actionable defamation." Clark v. Hoops, LP, 709 F. Supp. 2d 657, 671 (W.D. Tenn. 2010) (quoting Freeman v. Dayton Scale Co., 159 Tenn. 413, 19 S.W.2d 255, 256 (Tenn. 1929) (cleaned up)).

Even if a plaintiff establishes the elements of defamation, Tennessee law imposes a statute of limitations on such claims. For oral defamation (slander), an action must be commenced within six months after the words are uttered. Tenn. Code Ann. § 28-3-103 ("Actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered.").

The Court finds that Plaintiff's defamation claim fails for two independent reasons. First, the claim is clearly time-barred. Here, the Amended Complaint explicitly states that Mr. Greene

5

made the allegedly defamatory statements in June 2022. (ECF No. 11 at PageID 12.) However, Plaintiff did not file this action until May 2023. (ECF No. 1), approximately eleven months later and well beyond the statutory deadline. Plaintiff has not contested this timing or argued for any tolling.

Second, Mr. Greene's report to UPS management falls within the intra-corporate communications doctrine. Such internal reports of potential misconduct are the type of business communication this doctrine is meant to protect. The fact that the report led to adverse action does not remove it from this protection.

Accordingly, Defendants' Motion is **GRANTED** as to Plaintiff's defamation claim. Those claims are **DISMISSED WITH PREJUDICE**.

B. <u>**Tortious Interference with a Business Relationship Claim**</u>

Defendants argue that Plaintiffs fail to plead sufficient facts showing improper motive or means. (ECF No. 33 at Page ID 79–81.) Plaintiff responds generally that his allegations satisfy notice pleading standards. (ECF No. 37 at PageID 97–98.)

Under Tennessee law, to establish tortious interference with a business relationship, a plaintiff must prove: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship; (3) defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or means; and (5) damages resulting from the tortious interference. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002).

The fourth element—improper motive or means—requires particular scrutiny. When alleging improper motive, a plaintiff must demonstrate that the defendant's predominant purpose was to injure the plaintiff. *Lamdin v. Aerotek Commer. Staffing*, No.: 3:10-CV-280, 2010 U.S.

6

Dist. LEXIS 105306, at *20 (E.D. Tenn. Sept. 30, 2010) (citing *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 n.5 (Tenn. 2002)). Mere speculation and conclusory allegations that a defendant acted with intent are sufficient to satisfy this element. *Ingram v. Tenn. Dep't of Health*, No. 3:17-cv-01565, 2021 U.S. Dist. LEXIS 148840, at *55 (M.D. Tenn. Aug. 9, 2021).

Alternatively, a plaintiff may establish the fourth element by proving improper means. *Lamdin*, 2010 U.S. Dist. LEXIS 105306, at *20–21 (citing *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 n.5 (Tenn. 2002)). As the Tennessee Supreme Court has explained, while "precise, all-encompassing definition of the term 'improper' is neither possible nor helpful," improper means generally encompasses conduct that is illegal or independently tortious. *Trau-Med of Am., Inc.*, 71 S.W.3d at 701 n.5. Examples include:

> violations of statutes, regulations, or recognized common-law rules, violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship, and those methods that violate an established standard of a trade or profession, or otherwise involve unethical conduct, such as sharp dealing, overreaching, or unfair competition.

*Id.* (cleaned up).

The Court finds that Plaintiff's allegations are insufficient to state a plausible claim. While Plaintiff conclusory asserts Mr. Greene acted "in an intentional attempt to get Plaintiff fired." (ECF No. 11 at PageID 12.) Plaintiff pleads no facts suggesting Mr. Greene's predominant purpose was to injure him rather than report perceived misconduct. Similarly, Plaintiff identifies no improper means beyond the alleged defamation, which fails for the reasons stated above.

Accordingly, Defendants' Motion is **GRANTED** as to Plaintiff's tortious interference claim. Those claims are **DISMISSED WITH PREJUDICE**.

C.   **Retaliation Under Tenn. Code Ann. § 8-50-103(b)**

Defendants argue that Plaintiff's retaliation claim fails because Plaintiff admits to being terminated for non-retaliatory reasons, using racial slurs. (ECF No. 33 at PageID 81–82.) Plaintiff responds that this mischaracterizes his allegations, which state UPS's reason was pretextual. (ECF No. 37 at PageID 99.)

The TDA, codified at Tenn. Code Ann. § 8-50-103, prohibits employers from discriminating against employees "based solely upon any physical, mental or visual disability of the applicant, unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved." Tenn. Code Ann. § 8-50-103(b). Tennessee law also prohibits retaliation against people who oppose discriminatory practices or participate in related investigations or proceedings. Tenn. Code Ann. § 4-21-301(a)(1); *Chapman v. Olymbec USA, L.L.C.*, No. 2:18-cv-02842, 2020 U.S. Dist. LEXIS 73083, at *7 (W.D. Tenn. Apr. 23, 2020).

To establish a prima facie case under the TDA, a plaintiff must show:  (1) that plaintiff engaged in an activity protected by the relevant statutes; (2) that the exercise of his civil rights were known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *Cardenas-Meade v. Pfizer, Inc.*, 510 F. App'x 367, 372 (6th Cir. 2013) (citing *Hollins v. Atl. Co.*, 188 F.3d 652, 661 (6th Cir. 1999)). Courts interpret and apply TDA claims under the same analytical framework as claims brought under the Americans

8

with Disabilities Act. *Id.* at 369 n.2 (citing *Sasser v. Quebecor Printing Corp.*, 159 S.W.3d 579, 584 (Tenn. Ct. App. 2004)).

The Court finds Plaintiff has stated a plausible claim. Contrary to Defendants' characterization, the Amended Complaint does not admit Plaintiff used racial slurs but rather alleges this was a false pretext for discrimination. (ECF No. 11 at PageID 13–14.) Plaintiff alleges he requested disability accommodations, was qualified to perform his job with such accommodations, and was terminated while similarly situated non-disabled employees who engaged in misconduct were retained. (*Id.*) These allegations, accepted as true at this stage, sufficiently state a claim.

Accordingly, Defendants' Motion is **DENIED** as to Plaintiff's Tennessee Disability Act retaliation claim.

## D.  **Retaliation Under the Family and Medical Leave Act**

Defendants argue that Plaintiff's FMLA retaliation claim fails because his termination was unrelated to any protected activity. (ECF No. 33 at PageID 82–83.) Plaintiff responds by pointing to specific allegations regarding his FMLA requests, UPS's failure to provide proper notices, negative comments about his absence, and temporal proximity to his termination. (ECF No. 37 at PageID 100.)

To establish FMLA retaliation, a plaintiff must show (1) exercise of FMLA rights, (2) adverse employment action, and (3) causal connection. *Alexander v. Kellogg USA, Inc.*, 674 F. App'x 496, 501 (6th Cir. 2017).

The Court finds that Plaintiff has stated a plausible FMLA retaliation claim. The Amended Complaint alleges that Plaintiff took FMLA leave for his diabetes, requested additional FMLA to care for his father with dementia, and was terminated shortly thereafter. (ECF No. 11 at PageID

14–15.) As with his TDA claim, Plaintiff denies the proffered reasons for his termination were legitimate. These allegations sufficiently suggest a retaliatory motive at the pleading stage.

Accordingly, Defendants' Motion is **DENIED** as to Plaintiff's FMLA retaliation claim.

## **CONCLUSION**

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings (ECF No. 33) is **GRANTED** in part and **DENIED** in part. Plaintiff's defamation and tortious interference claims are **DISMISSED WITH PREJUDICE**. Plaintiff's retaliation claims under the Tennessee Disability Act and the Family and Medical Leave Act shall proceed.

**IT IS SO ORDERED**, this 26th day of March, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE