IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| BENJAMIN YOUNG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 23-cv-2327-BCL-tmp |
| | ) |
| MILES GREENE, individually, | ) |
| and UNITED PARCEL SERVICE, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

_____

**ORDER GRANTING PLAINTIFF'S MOTION TO STAY**
_____

Before the court by order of reference is Plaintiff Benjamin Young's Motion to Stay.[1] (ECF No. 77, 79, 85.) For the reasons below, the motion is GRANTED.

This case was originally filed on May 23, 2023. (ECF No. 2.) Plaintiff's most recent Amended Complaint brings claims of slander and tortious interference against Myles Green, which have since been dismissed, and claims of retaliation under the Tennessee Disability Act ("TDA") and the Family Medical Leave Act ("FMLA") against Defendant United Parcel Service ("UPS"). (ECF Nos. 11, 49.) On August 17, 2025, Plaintiff issued his Amended Notice of Rule 30(b)(6) of UPS. (ECF No. 64-3.) UPS subsequently filed its

_____

[1]Pursuant to Administrative Order No. 2026-05 (Mar. 5, 2026), this case has been reassigned from District Judge Mark S. Norris to District Judge Brian C. Lea.

Motion for a Protective Order on August 22, 2025, asking the court to enter a protective order limiting the scope of discovery. (ECF No. 64 at PageID 211.) Opposing the Defendant's motion, Plaintiff filed a Motion to Compel on August 25, 2025. (ECF No. 65.) On September 25, 2025, the Defendant filed its Motion for Summary Judgment. (ECF No. 76.) Plaintiff then filed his Motion to Stay, requesting that the court stay the Motion for Summary Judgment and give him at least thirty days after the Motion for a Protective Order and Motion to Compel are resolved to file his response to the Motion for Summary Judgment. (ECF No. 77.) The Defendant replied on October 17, 2025. (ECF No. 81.)

Plaintiff's Motion to Stay asks the court to defer the Motion for Summary Judgment under Federal Rule of Civil Procedure 56(d) because "Plaintiff seeks critical discovery to develop evidence concerning comparators, which is central to Plaintiff's claims . . . [and] Plaintiff cannot yet present facts essential to justify opposition[.]" (ECF No. 77-1 at PageID 613.) Rule 56(d) provides that, after a summary judgment motion is filed, if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time

- 2 -

to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

On March 31, 2026, the court granted in part Plaintiff's Motion to take a Rule 30(b)(6) Deposition. Based on that ruling, as well as the reasons stated in the Motion to Stay, the motion is GRANTED. Therefore, Plaintiff's response to the Defendants' Motion for Summary Judgment will be due forty-five days after the completion of the Rule 30(b)(6) deposition. Alternatively, should the District Judge instead choose to deny Defendant's Motion for Summary Judgment without prejudice with the right to refile the motion after the deposition, the parties will follow the briefing schedule set by the District Judge.

IT IS SO ORDERED.

s/ Tu M. Pham
_____
TU M. PHAM
Chief United States Magistrate Judge

March 31, 2026
_____
Date

- 3 -